WILLIS HOLLISTER *v.* TOWN OF PAWLET.

*Towns.   Selectmen.   Arbitrators.   Highways.*

Selectmen have the right to submit to arbitration claims against towns growing out of insufficiency of highways, and the town is bound by the award.

ACTION on an award. It was agreed that the cause be submitted to the court upon the following statement of facts:

The plaintiff, in the winter of 1865, while traveling with a span of horses and sleigh on one of the public roads in the town of Pawlet, injured one of his horses, as he claimed, through the insufficiency of said highway. He immediately made a claim to the selectmen of said town against said town, for the damages he had sustained through the insufficiency of said highway. Said claim was submitted to arbitration by the selectmen acting for the town, and the plaintiff on his own part; and the arbitration was held in conformity to said submission. An award was duly made by said arbitrators, in writing, at the time, and for the sum mentioned in the plaintiff's declaration. The selectmen acting as such, and on behalf of said town, paid six dollars thereof, and promised to pay the balance thereof, and to give the plaintiff an order on the town treasurer therefor, but refused so to do, and never did, though requested before the commencement of this action. The selectmen had no express authority from the town, by a vote thereof, to make said arbitration, and no other authority than is granted to selectmen of towns generally by the statutes of this State, and what is incident to their office as selectmen, and what they may have by reason of any custom or usage in this State. They acted in good faith in making said submission, and supposed they had authority to do so, and that they bound the town thereby, and so intended.

The county court, at the March term, 1870, WHEELER, J., presiding, rendered a judgment on the above statement of facts for the plaintiff to recover the amount of said award. To the decision the defendant excepted.

*Royal C. Betts,* for plaintiff.

*Fayette Potter,* for defendant.

The opinion of the court was delivered by

ROYCE, J. The only question presented in this case is whether the selectmen of the town had the right to submit the claim made by the plaintiff against the town to arbitrators, so as to bind the town to the payment of their award. We are not aware that this question has ever been decided in this state; and its only importance is in furnishing a rule for the government of towns and their officers, in the disposition of claims like this. Claims growing out of the insufficiency of highways and bridges are of frequent occurrence in the different towns in the state; and it is important that persons making such claims — and the towns against whom they are made — should know whose duty it is to settle and adjust them,— whether such matters are placed under the exclusive control of the town, and to be governed by their corporate action — or whether some of the officers of the town have concurrent jurisdiction over them. The duties of the various town officers are generally defined by the statutes providing for their election; and where they are thus defined, the officer is limited to the performance of such duties; and when he assumes to act for and bind the town, in matters outside of and foreign to the performance of such duties, his acts are not binding upon the town. Where these duties are specified by the statutes, the officer, by his acceptance of the office, binds himself for their performance, and is responsible for their non-performance. But in the management of the municipal and financial affairs of towns, and in their police regulations, much must necessarily be left to the discretion of some of their officers. It would be impracticable to call the voters of the town together to act upon every trivial matter not confided in express terms to the care of some particular officer, and which demands immediate attention. Sec. 45 of chap. 15 of the General Statutes provides that " The selectmen shall have the general supervision of the concerns of the town, and shall cause all duties required by law of towns, and not committed to the care of any particular officer, to be duly performed and executed;" thus vesting the discretion, of which we have spoken, in these officers. And it would seem to be exclusively in them, for there are none others of the town officers in whom any

such discretion has been vested. It cannot be claimed that the town agent has any such discretion, for it was held in *Cabot* v. *Britt*, 36 Vt., 349, that he had no authority to originate suits in favor of the town, or to settle or compromise suits in which the town was interested; but that his duty consisted in conducting litigation in its progress. Hence it follows, that unless the selectmen have the right to settle and adjust claims like this, it can only be done by some corporate act of the town; and the statute above recited is meaningless, because the selectmen can perform no act under it which will be binding upon the town. One of the duties required by law of towns is that of keeping their highways and bridges in good and sufficient repair; and they are made liable to pay the damage which any person may sustain in consequence of the want of such repair. The general supervision of highways is entrusted to the selectmen. They alone, of the town officers, have the right to lay out and discontinue highways, and settle with and pay the parties interested in lands through which they pass. And in *Cabot* v. *Britt*, POLAND, C. J., says, "They are to settle and adjust claims made against the town for damages sustained upon their highways." This principle, we believe, is in accordance with the general practice which has prevailed throughout the state. No evil, that we are apprized of, has resulted from it, and we see no occasion to qualify or alter it. The right to settle and adjust includes the right to submit the subject matter in dispute to arbitration. An arbitration is one of the usual ways of settling a disputed claim; and the selectmen had the right to settle and adjust this claim in any of the usual and ordinary modes of settling and adjusting such claims. *Schoff* v. *Bloomfield*, 8 Vt., 472; *Dix* v. *Dummerston*, 19 Ib., 262.

It has been claimed that this construction of the statute invests the selectmen with a power and control over the affairs of the town, that they may use to the injury of the town. Our experience does not warrant any such apprehensions. Towns generally have ample protection in the character of the men they elect to fill their offices; and it is competent for them to give them such instructions at the time of their election as a majority may desire. If this power shall be abused, it will then be time

for the legislature to interfere and furnish the appropriate remedy. Instead of this power having been used to any considerable extent to the injury of towns, we are satisfied that much needless litigation and expense has resulted from the want of confidence on the part of selectmen in their right to settle claims of this character.

Judgment affirmed.