A. W. Mead's Admx. *v.* Fred A. Owen.

October Term, 1909.

Present: Rowell, C. J., Munson, Watson, Haselton, and Powers, JJ.

Opinion filed January 7, 1910.

*Arbitration and Award—Submission—Consideration—Revocation—Effect — Remedy — Costs in Equity — Discretion of Court.*

Mutual promises of submission to arbitration afford sufficient consideration for a binding contract of submission; but either party may revoke the submission at any time before the publication of the award, and the only remedy for such revocation is a suit for damages for breach of the contract of submission.

A revoked submission to arbitration is no bar to a subsequent suit on the claim submitted.

Where tenants in common of personal property submitted to arbitration their controversy in respect thereof, and, when the arbitrators had nearly completed their work, one of the co-tenants revoked the submission and brought a bill in equity for an accounting, by virtue of which the property was sold by a receiver, the other co-tenant's share in the proceeds was properly based on the amount received at the sale, and not on the valuation made by the arbitrators.

In a suit in equity for an accounting costs should generally be borne equally, but the court need not follow that rule where to do so would be inequitable.

Where a controversy was submitted to arbitration, and, when the work
    of the arbitrators was nearly completed, the oratrix revoked the ar-
    bitration and brought a bill in equity for an accounting, in which
    she prevailed, it was a proper exercise of the court's discretion
    to award costs to defendant.

APPEAL IN CHANCERY. Heard on the pleadings and mas-
ter's report at the December Term, 1908, Addison County,
*Stanton,* Chancellor. Decree for the oratrix. The defendant
appealed. The opinion states the case.

*W. H. Davis* and *Leroy C. Russell* for the oratrix.

The defendant's share of the proceeds of the common prop-
erty was properly based on the amount received from the sale
thereof by the receiver, and not on the valuation made by the
arbitrators.   30 Cyc. 689; *Moore* v. *Huntington,* 17 Wall. 417;
2 Daniel Chancery, P. & P. 1741; *Hutchinson* v. *Lassarenee,* 2
Ball. & B. 55; 3 Kent Com. 37; *Darby* v. *Darby,* 3 Drew 495,
61 Eng. Rep. 992; *Austin* v. *DeRocha,* 23 La. Ann. 44.

*H. S. Peck* for the defendant.

MUNSON, J. The defendant occupied and carried on the
oratrix' farm on equal shares from March 4, 1904, to March 7,
1906, under an oral contract.   When he came there he bought,
at the oratrix' request, the half interest of his predecessor in
some live stock then on the farm; and the oratrix and the de-
fendant maintained their equal interest in this stock and its
increase, and in the products of the farm, during the defend-
ant's stay.   Difficulties arose between the parties early in the
winter of 1905-6, and the oratrix demanded possession of the
premises sometime in January; but after this the parties agreed
to adjust their matters by arbitration, and on February 28,
1906, they signed a writing by which W. H. Brownell, the ora-
trix' brother-in-law, and C. J. Torrey, the defendant's father-
in-law, were agreed upon for this service.   Brownell was also
made the agent of the oratrix, and Torrey the agent of the
defendant, for all matters connected with their work.   The
arbitrators entered upon their work immediately, and proceeded
therein until March sixth, without any difficulties arising be-

tween them, and exercising their best judgment as to valuations. The work was then practically completed, except the appraisal and division of the hay and some other produce. Both parties had knowledge of the work done by the arbitrators, and knew the results as far as they had gone. The oratrix had a conference with her attorney on the day named, and about noon of that day Brownell gave defendant written notice that the agreement was revoked. About noon of the following day, the defendant was arrested on a justice ejectment writ and committed to jail. He returned from jail on the ninth, and on the tenth this bill and injunction were served on him. The cross-bill was served on the oratrix April eleventh, with an order enjoining her from interfering with the defendant in such care and protection as he might wish to give the stock that was jointly owned by him and the oratrix. A receiver was appointed on the oratrix' motion May nineteenth.

The defendant was in possession of the premises until his arrest, caring for the stock and produce and otherwise managing the farm. He had no care of the property after this, except to leave it in charge of a young man, who departed forthwith at the oratrix' command enforced by a threat. When the defendant was arrested the oratrix assumed control of the farm and nearly all the personal property, and placed another man in charge of the farm, stock and produce; and before the defendant returned from jail she had new locks put on the barn and other buildings, and had all the places by which one might enter them boarded up, and directed the man in charge to tell the defendant on his return not to go into any of the buildings, and to have nothing to do with, or exercise any care over, the common property or any part of the farm, which order was communicated to the defendant on his return; and the buildings were kept locked continuously until two days after the service of the injunction obtained by the defendant on his cross-bill.

The common property was sold by the receiver June 13, 1906, under an order of court, for $1,781.47, and the amount decreed the defendant is based upon the avails of the sale as returned by the receiver. The master has found, at the request of the defendant, that if the arbitrators had completed their work their valuation of the property as of March 4, 1906, would have been $2,286.46; and the defendant claims that the decree

should have been based on this valuation. The claim is not sustainable. It is true that mutual promises of submission to arbitration afford sufficient consideration to bind the parties. *Missisquoi Bank* v. *Sabin,* 48 Vt. 239. But either party may revoke the submission at any time before the publication of an award. *Aspinwall* v. *Tousey,* 2 Tyl. 328. The remedy of the other party is a suit for damages on the agreement of submission. *Hawley* v. *Hodge,* 7 Vt. 237. A revoked submission is no bar to a suit on the claim submitted. *Sartwell* v. *Sowles,* 72 Vt. 270. It follows that when such a suit is brought the rights of the parties are to be determined by the rules applicable to that proceeding, regardless of what may have been done under the submission. This is a bill for an accounting between parties owning personal property in common. Equity accomplishes an adjustment in such cases by a sale of the property and a division of the proceeds. The decree was properly based upon the avails of the receiver's sale. '

The decree gives the defendant his taxable costs, and the oratrix claims this was error. It is said that inasmuch as the proceeding is for an accounting the costs should have been borne equally, by payment from the common fund or otherwise. This would have been in accordance with the general rule, but the court was not bound to follow the rule if the result would be inequitable in the circumstances. Upon the facts presented the defendant's continuance in possession was not in opposition to the oratrix' right, but upon a tacit understanding connected with a friendly arrangement for the settlement of their affairs. The opportunity afforded by the sudden change from a friendly adjustment to legal proceedings which involved the temporary imprisonment of the defendant, was used to exclude the defendant from all share in the management and care of the common property. The oratrix occasioned the expense of this accounting after an adjustment had been nearly completed by means of an honestly conducted proceeding had under her own agreement. These circumstances afforded a basis for an exercise of the court's discretion, and its disposition of the matter will not be interfered with.

*Decree affirmed and cause remanded.*