# John Fairchild v. West Rutland School District

[376 A.2d 28]

No. 297-76

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed June 7, 1977

*Hoff, Wilson & Jenkins*, Burlington, for Plaintiff.

*Webber and Costello*, Rutland, for Defendant.

**Daley, J.** The appellee John Fairchild was a teacher at the West Rutland High School. The "agreement for teaching" entered into between the appellee and the school board of directors provided that his period of service was to begin on September 4, 1974, and would "continue for not more than 180 teaching days". The provisions of the Personnel Compensation Plan, a collective bargaining agreement entered into between the school board and the West Rutland Teachers' Association, were incorporated into the appellee's personal teaching contract. In February, 1975, the appellee was notified in writing by the

board that his teaching contract would not be renewed for the 1975-1976 school year.

Upon receipt of this notification, the appellee initiated grievance procedures as set forth in the collective bargaining agreement. Steps I and II of the grievance procedure, involving submission of grievances before the school principal and the superintendent of schools, respectively, were not invoked by the appellee. Instead, his purported grievance was brought directly before the board as provided for in Step III of the collective bargaining agreement. The board, after receiving testimony from certain witnesses, rejected the appellee's grievance. He thereafter filed a demand for arbitration of the dispute with the American Arbitration Association, Step IV of the collective bargaining agreement's grievance procedure.

In a letter to the designated arbitrator, the school board, through its attorney, stated its view that the subject matter was nonarbitrable and that the board would not participate in any arbitration proceedings. The arbitrator, subsequent to an ex parte hearing and the consideration of a brief submitted by the school teachers' association, resolved the grievance in the appellee's favor and ordered the school board to re-appoint him for the 1975-1976 school year.

Following the refusal of the West Rutland School District to abide by the award of arbitration, the appellee brought an action in Rutland Superior Court to enforce the award. The appellee moved for summary judgment based upon his verified complaint; this motion was granted by the superior court. In its judgment order, the court adopted the award of the arbitrator and ordered the school board to re-appoint the appellee for the 1975-1976 school year.

Before this Court, the school district raises a number of issues challenging the superior court's order. However, the major question, the one determinative of this appeal, is whether the failure of the school board to renew the appellee's agreement for teaching for the 1975-1976 school year constituted a "grievance" as that term was defined in the controlling collective bargaining agreement.

█ It is necessary that a threshold determination be made regarding the nature and extent of our inquiry regarding the "arbitrability" of the appellee's claim. The appellee contends that the resolution of the arbitrability of claims and disputes

lies within the prerogative of the arbitrator, with limited review by the courts to a claim that the arbitrator erred in construing the grievance clause. While we recognize and reiterate that arbitration does provide "an inexpensive and reasonably amicable method of conflict resolution", *Danville School Directors* v. *Fifield*, 132 Vt. 271, 276, 315 A.2d 473 (1974), we do not view the effect of the involvement of parties in the arbitration process as compelling the courts to abdicate their traditional role of reviewing the contractual obligations of those parties. Rather, we are persuaded that

> the question of arbitrability of a specific claim under a valid general agreement to arbitrate is still, ultimately, a question for the courts. . . . [Smith, *The Question of Arbitrability*, 16 S.W.L.J. 1, 10 (1962). See also Marshall, *Contract Enforcement and the Courts*, 15 Lab. L.J. 577, 578 (1964)].

■ The collective bargaining agreement expressly stated that the "arbitrator shall have no power to alter or amend the terms of the contract". If the arbitrator's award was based upon a matter not within the terms of the controlling agreement, he has acted beyond the bounds of his authority. The question whether the arbitrator exceeded the scope of his authority is a matter properly before the courts for resolution. *Boston Teachers Union* v. *School Committee of Boston*, 350 N.E.2d 707, 716 (Mass. 1976); *Fire Fighters Union* v. *City of Vallejo*, 12 Cal.3d 608, 526 P.2d 971, 976, note 6, 116 Cal. Rptr. 507 (1974).

Article VII of the collective bargaining agreement sets forth the following:

> *Definitions:* A grievance shall be construed for purposes of this contract to mean a claim or dispute involving the interpretation and/or application, either in whole or in part, of any written and presently operative portion or provision of this contract. Under no circumstances shall any matter which is not a part of this contract be considered a valid cause of grievance. . . .

■ Neither the individual teaching contract between the appellee and the school board nor the collective bargaining agreement contained any written provisions regarding the renewal of teaching contracts. The appellee's argument that he

was "constructively dismissed" is not persuasive. Under the terms of his teaching contract, his period of service was limited to 180 teaching days. The record shows that the appellee worked the full 180 days and was paid for his services. The decision of the school board not to hire the appellee for the 1975-1976 school year cannot be construed as a dismissal from the 1974-1975 contract, but rather was a nonrenewal of that contract. The appellee had no contractual or statutory right to have his contract renewed for the 1975-1976 school year. By awarding the appellee a one-year extension on his teaching contract, the arbitrator, and consequently the superior court, disregarded the plain import of the appellee's personal contract and vested him with the right of tenure. By so doing, the arbitrator effectively altered and amended the terms of the contract and thus exceeded the bounds of his authority. The superior court, by adopting the arbitrator's award into its judgment order, in turn committed reversible error.

■ In support of the superior court's order, the appellee relies upon *Danville School Directors* v. *Fifield, supra.* However, in the absence of contractual renewal terms present in the *Danville School Directors* case, the present appeal is readily distinguishable. By express terms, the appellee's teaching contract terminated at the close of the 1974-1975 school year. The superior court's order that the school district reappoint the appellee for the 1975-1976 school year ran counter to the principle that the courts in this jurisdiction are without authority to rewrite contracts. *Medlar* v. *Aetna Insurance Co.*, 127 Vt. 337, 347, 248 A.2d 740 (1968); *American Fidelity Co.* v. *Elkins*, 125 Vt. 313, 315, 215 A.2d 516 (1965).

■ The appellee would have this Court hold that the school board was bound to participate in the arbitration hearing and to abide by the resulting award. The appellee contends that, by submitting to the first three steps of the grievance procedure, the board could not unilaterally revoke its contractual agreement to arbitrate. In this regard, it should be noted that Steps I and II of the grievance procedure (calling for grievance resolution by the school principal and the superintendent of schools, respectively) do not provide for any participation or intervention by the school board. The principles of waiver cannot apply to the school board's failure to request grievance proceedings in which it had no concern.

The appellee urges that 16 V.S.A. §§ 2001 et seq., in particular § 2004, embody a legislative mandate that would compel the school board to participate in arbitration proceedings. The appellee's construction of the statutes is in direct contravention of the long-established common law doctrine that an agreement to submit a dispute to arbitration is revocable by either party prior to the publication of the award. *Mead's Admx.* v. *Owen*, 83 Vt. 132, 135, 74 A. 1058 (1910); *Sartwell* v. *Sowles*, 72 Vt. 270, 277, 48 A. 11 (1900).

In view of the appellee's claim that the Legislature has imposed upon school boards a burden or duty not recognized at common law, we must strictly construe the statutes in such a manner as to avoid the purported change. 3 J. Sutherland, *Statutory Construction* § 6201 (3d ed. 1943). See also *Record* v. *State Highway Board*, 121 Vt. 230, 236-37, 154 A.2d 475 (1959). In order for the statutes to be construed to effectuate a change in the common law, the legislative intent must be clearly and plainly expressed. 3 J. Sutherland, *Statutory Construction, supra.* We are unable to discern such a legislative will or intent in the statutes relied upon by the appellee. The statutes are aimed at directing or controlling the conduct of the parties in the negotiation stage of the collective bargaining process; there is no clear and express legislative intent to govern the acts of the school board in the grievance or arbitration stage.

The appellee also relies upon language set forth in *Danville School Directors* v. *Fifield, supra,* to support his claim of nonrevocability. In *Danville School Directors*, the court noted that the board, by proceeding through the first three steps of arbitration agreement, had impliedly admitted the validity of the collective bargaining agreement. *Id.* at 273. In the present case, the board does not challenge the validity of the agreement, but rather disputes the appellee's contention that he had an arbitrable grievance. In *Danville School Directors*, we held that the board could not abrogate its contract for the reason it argued; namely, the defense of *ultra vires. Id.* at 276. The precise issue whether the board has waived its claim on nonarbitrability was not before the Court in the *Danville School Directors* case. In view of the lack of statutory or case law support for the appellee's nonrevocation argument, we hold that, in the present case, the school board was not compelled to submit to arbitration.

Since our resolution of the issues regarding arbitrability and revocability disposes of the merits of this appeal, we will

not consider the arguments of counsel concerning whether a contract to teach may be specifically enforced by the courts. The appellee's contentions with respect to the force and effect of his verified complaint in the summary judgment proceedings are disposed of in *Spargo* v. *Governor's Commission on the Administration of Justice*, 135 Vt. 333, 376 A.2d 757 (1977) and need not be considered here.

*The order of the Rutland Superior Court is reversed; the cause is remanded with the instruction that the superior court grant the motion of the defendant West Rutland Town School District to dismiss the plaintiff's complaint.*