**Woodstock Union High School Board of Directors v. Woodstock Union High School Teachers' Organization**

[388 A.2d 392]

No. 176-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 6, 1978

John C. Candon of *Black & Plante,* White River Junction, for Plaintiff.

*Gary H. Barnes* of *Downs, Rachlin & Martin,* South Burlington, for Defendant.

**Barney, C.J.** This is a court action challenging an arbitrator's award. A school nurse raised an issue under the collective bargaining agreement asserting that her salary should be based on the schedule negotiated for members of the bargaining unit. The matter began with the filing of a grievance by the nurse. After several attempts to settle the matter with the plaintiff board, binding arbitration, provided for in the collective bargaining agreement, was asked for by the nurse. The board objected, claiming that the remedy was unavailable because it was not resorted to within the time limits called for in the agreement. Nevertheless the matter went to arbitration, with both parties participating.

The grievance was resolved by the arbitrator's disposition of the issues under four rulings. First, he ruled that the grievance was arbitrable. Second, he found that, based on actions amounting to waiver by the school board, the request for arbitration was timely. Third, he ordered that the nurse be put on Track 1 of the salary schedule at a step commen-

surate with her experience. Lastly, he ordered the Board to compensate her for any salary differential in the 1974-75 school year between her actual earnings and her entitlement according to the salary schedule.

The board then brought a court action to vacate the award. The issues were presented by way of a stipulation of facts. On the basis of that stipulation the court found that the nurse's grievance was not arbitrable on the basis that she was not within the collective bargaining agreement. In view of that determination the lower court found the disposition of the other issues before it were not required. We reverse.

Underlying this case and noted in the stipulated facts is another lawsuit in which the nurse here involved had been found to be a member of the bargaining unit of the defendant as a teacher for collective bargaining purposes. The findings of fact, conclusions of law and judgment order in that case were not appealed from and remain in effect as to these parties.

The essentials of the dispute are quickly stated. Consistent with her position that she was covered by the collective bargaining agreement, the nurse challenged a separate employment contract tendered her by the board which provided for an hourly wage. She filed a grievance on the basis that the contract offered her was different in format from those issued under the collective bargaining agreement and provided a wage much below anything on the salary schedule in that agreement.

The board's answer was that the salary schedule was based on the possession of at least a B.A. degree which the nurse did not have even though she did have a professional certificate from the Vermont Department of Education. Since she did not possess that degree upon which the salary schedules were based, the board ruled that that schedule was not applicable to her. It is from that basic dispute that the matter went to arbitration.

The board's claim that there was no subject matter jurisdiction in the arbitrator is based on the same circumstance, that is to say that the collective bargaining agreement did not apply to a nondegree holding school nurse. It is this aspect of

the case to which the lower court's ruling in favor of the board applied.

The procedural jurisdiction for arbitration was also objected to since the agreement set out that the request for binding arbitration should be made within five days of the answer of the board at step 3 of the grievance procedures, and this did not occur. The board further contends that the award is invalid because it amounts to an alteration or amendment of the contract terms and therefore is an act beyond the authority of the arbitrator.

Going directly to the claim of the board that this grievant here is not covered by this contract in the sense that she is not within the salary schedule, and any award to her out-reaches the arbitrator's power, it is helpful to examine some of the provisions of the collective bargaining agreement.

Having in mind that it is determined as a matter of law that the nurse is a bargaining unit teacher within the meaning of the agreement, as previously noted, Article 3 provides without any exception available in this case, that "This Contract is an agreement between the contracting parties covering matters subject to negotiation. The parties agree that the relations between them shall be governed by the terms of this contract only. No prior agreements or under-standings oral or written, shall be controlling or in any way effect [sic] the relations between parties, except when such agreements shall be reduced to writing by mutual consent of the parties."

It is, therefore, not to be gainsaid that this is the only valid salary instrument, absent any consensual agreements, between the board and all of the teachers. The actions of the arbitrator in dealing with the application of the salary schedule to one of the parties covered by the agreement is, therefore, within his authority and, indeed, represents one of the very purposes of the arbitration function. It does not amount to an alteration or amendment of the contract in the sense of changing its direc-tion or purpose, but is rather the application of the negotiated provisions to a circumstance unprovided for in the agreement, consistent with the overall contractual purposes.

■ Having determined this issue, the next question necessarily relates to the appropriate scope of review of the courts of the acts of the arbitrator. The agreement speaks of these limitations in two places. First, it provides that the arbitrator's decision must be in writing and will set forth his findings of fact, reasoning and conclusions which shall be binding on the parties in interest. Further, and more critically, it provides that: "If any question arises as to the arbitrability of the grievance, such question will first be ruled by the arbitrator selected to hear the dispute. Decisions of the arbitrator shall be final and not subject to appeal by either party to the grievance."

Both of the remaining claims of error relate to the arbitrator's decision on the substantive arbitrability of the application of the salary schedule to a nondegree teacher, and the decision on the procedural arbitrability of the grievance based on a finding of waiver. It is true that the case of *Fairchild* v. *West Rutland School District*, 135 Vt. 282, 284, 376 A.2d 28 (1977) acknowledged that substantive arbitrability was ultimately a question for the courts, but that holding had no reference to a contract in which the parties agreed that binding arbitration should include finality as to the arbitrator's decisions on arbitrability of grievances. That is the case here, and it is a perfectly valid contractual provision consistent with the purposes underlying binding arbitration. Barring some unconscionable application not before us, such an agreement is to be honored by the courts. Therefore, the award of the arbitrator in this case must be enforced.

*Judgment reversed and cause remanded for the preparation and entry of a judgment order implementing the decision of the arbitrator dated September 11, 1975.*