## Brattleboro Union High School Board v. Windham Southeast Education Association, et al.

[398 A.2d 285]

No. 225-78

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed January 22, 1979

*John H. Carnahan* and *Jean B. Giddings* of *Fitts & Olson,* Brattleboro, for Plaintiff.

*Gary H. Barnes* of *Downs, Rachlin & Martin,* South Burlington, for Defendants.

**Per Curiam.** This is a declaratory judgment action brought by the Brattleboro Union High School Board. This action arose out of a suspension proceeding directed against defendant Helen Gale. When the suspension order of the superintendent was affirmed by the school board, defendant Gale filed a grievance under the collective bargaining agreement existing between the teachers and the school district. When the grievance went unresolved, a request for binding arbitration, as provided for in the collective bargaining agreement, was presented.

The school board responded with this declaratory judgment action seeking to enjoin the arbitration. The defendant teachers' association counterclaimed in the action for a declaration that the question of whether the suspension of defendant Gale violated the collective bargaining agreement was indeed arbitrable.

The dispute is brought about by a statute, which, by its terms, is made a part of every teacher's contract. It is 16 V.S.A. § 1752 and relates to the suspension and dismissal of teachers. The grounds justifying suspension are spelled out. It specifies the procedures for hearing, decision, and review of the superintendent's determination by the board of school directors. Contractual provisions inconsistent with the statute are declared to be void. It then goes on to provide in 16 V.S.A. § 1752(k):

> No action at law shall lie on the part of a teacher against any school district for breach of contract by reason of suspension or dismissal unless the procedures herein described have been followed by said teacher.

The collective bargaining contract itself specifically refers to 16 V.S.A. § 1752. It states:

> The procedure for suspending and dismissing teachers shall be as stipulated [sic] in Title 16, Chapter 57 [sic], Sec. 1752, V.S.A.

It also provides that:

> No teacher will be reduced in compensation, suspended or have his Agreement terminated without just cause. In no case will this be done publicly, unless so requested by the teacher, pursuant to 16 V.S.A. Section 1752.

A grievance is defined by the collective bargaining agreement as follows:

> A grievance is a claim by a teacher, group of teachers, or the Association, that there has been a violation, misinterpretation, or misapplication of the terms of the Agreement.

The lower court found that the defendant Gale's right to review the suspension, either as to just cause or due process, was limited to judicial action, and arbitration under the collective bargaining agreement was not available. The court found that the specific provision in the collective bargaining agreement providing that the provisions of 16 V.S.A. § 1752 governed suspensions and

dismissals prevailed over the general contract provisions providing binding arbitration for resolving grievances.

Underlying this decision is the premise that because the dismissal and suspension procedures are mandated, the challenge of such suspension decisions can only be by judicial action. Since the statute does not expressly say that that is so, it must arise by necessary implication to exist at all.

But the existence of such necessary implication has not been established. Since suspensions and dismissals according to the lawful pattern are recognized by the statute to be subject to attack as breaches of contract, the implication fails. Breaches of contract are appropriate objects of arbitration agreements. Indeed, most arbitration agreements are entered into for the precise purpose of providing an alternative to judicial remedies. *Danville Board of School Directors* v. *Fifield,* 132 Vt. 271, 275, 315 A.2d 473 (1974). Therefore, we hold that the provisions of 16 V.S.A. § 1752 constitute no barrier to the arbitrability of the defendant Gale's claim of breach of contract by reason of suspension.

*The judgment and declaration of rights is stricken. Let a new judgment and declaration be entered as follows:*

(1) *Plaintiff has the full right and authority to exercise the provisions of 16 V.S.A. § 1752 governing the grounds and procedures for suspension and dismissal.*

(2) *The defendants have the right to pursue grievance and arbitration of any claim of breach of contract by reason of suspension, in lieu of an action at law.*