Bellows Falls Union High School District No. 27 v. Anne L. Rodia and Windham Northeast Education Association

[428 A.2d 1094]

No. 55-80

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Smith, J. (Ret.), Specially Assigned

Opinion Filed February 3, 1981

*Pope and Pu,* Brattleboro, for Plaintiff.

*Gary H. Barnes* of *Downs, Rachlin & Martin,* South Burlington, for Defendants.

**Billings, J.** The defendant-appellant Rodia was a physical education teacher and basketball coach at Bellows Falls Union High School during the 1977–78 school year. During this period the terms of her employment were governed by the collective bargaining agreement then in effect between the defendant-appellant Windham Northeast Education Association and the plaintiff-appellee Bellows Falls Union High School District No. 27. In April of 1978 the school district placed Rodia on probation and offered her a probationary contract for the 1978–79 school year. Rodia filed a grievance under the collective bargaining agreement. The school district denied the

grievance and Rodia requested arbitration from the American Arbitration Association. The school district refused to participate in the arbitration, claiming that under the collective bargaining agreement the issues raised by Rodia were not arbitrable. The arbitration proceeded in accordance with the rules of the American Arbitration Association without the participation of the school district. The arbitrator decided that the issues raised by the teacher were arbitrable, and that the school district had violated the collective bargaining agreement, and ordered the school district to revoke the probation.

Before the arbitration began, the school district brought an action in Windham Superior Court seeking a preliminary injunction against the arbitration and a declaratory judgment that the issues raised by the teacher were not arbitrable. The court refused to grant the injunction. After the award of the arbitrator was issued the defendants amended their answer to include a second counterclaim seeking to enforce the award. The plaintiff and defendants moved for summary judgment. The court granted summary judgment for the plaintiff and refused to enforce the award. The defendants have appealed.

The only issue presented by this appeal is whether or not the teacher's claim was a proper subject for arbitration under the collective bargaining agreement. The school district has conceded that if her claim was arbitrable the court should have granted the defendants' motion for summary judgment and enforced the arbitration award.

Whether or not the teacher's claim is arbitrable is determined by the terms of the collective bargaining agreement. See *Danville Board of School Directors* v. *Fifield,* 132 Vt. 271, 315 A.2d 473 (1974). This agreement provided a procedure for the resolution of all grievances. The final step of this procedure is arbitration. The agreement defines a grievance as follows:

> [A] claim by a teacher that there has been a violation, misinterpretation or misapplication of the terms of this agreement.

The teacher asserted as a grievance that the school district did not have adequate grounds to put her on probation.

The school district argues that the contract does not require any grounds for putting a teacher on probation. The contract

provides procedures that must be followed before a teacher can be placed on probation. The proper procedures were followed in this case. The school district contends that since the collective bargaining agreement does not specifically require that the probation be based on cause, there was no violation of any part of the agreement when the teacher was placed on probation and that she therefore does not have an arbitrable grievance under the agreement.

■■ Whether or not the collective bargaining agreement provides for arbitration in this situation is determined by ordinary principles for the interpretation of contracts. *Fuller* v. *Guthrie*, 565 F.2d 259 (2d Cir. 1977). See also *Danville Board of School Directors* v. *Fifield, supra; Blood* v. *Bates*, 31 Vt. 147, 150 (1858). When the language of a contract is clear, the intention of the parties must be taken to be what their agreement declares it to be. *Lamoille Grain Co.* v. *St. Johnsbury & Lamoille County R.R.*, 135 Vt. 5, 8, 369 A.2d 1389, 1390 (1976); *Stevens* v. *Cross Abbott Co.*, 129 Vt. 538, 545, 283 A.2d 249, 253 (1971). In this case, the language of the agreement is clear. Under the collective bargaining agreement all grievances are arbitrable, and grievance is defined very broadly. The teacher's claim was that the school district misinterpreted the terms of the bargaining agreement and violated the agreement when it placed the teacher on probation. This claim meets the definition of a grievance contained in the collective bargaining agreement, and is therefore arbitrable.

*Reversed and remanded for entry of judgment for the defendant and enforcement of arbitration award.*