# Edward D. Burkhart v. Mobil Oil Corporation

[463 A.2d 226]

No. 102-81

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed June 7, 1983

*Richard E. Davis* and *Robert S. Burke* of *Richard E. Davis Associates, Inc.*, Barre, for Plaintiff-Appellee.

*Austin B. Noble* and *Stephen C. Clancy* of *Gibson, Noble & Goodrich,* Montpelier, for Defendant-Appellant.

Underwood, J. This case involves the dismissal of an employee, the plaintiff, from his employment with Mobil Oil Corporation, the defendant. The former brought suit in Washington Superior Court against the latter for wrongful discharge. The jury, after a five-day trial, returned a verdict for the plaintiff against the defendant, awarding him $150,000 in compensatory damages and $75,000 in punitive damages. From this adverse judgment, the defendant now appeals.

The facts are as follows. In 1956 the plaintiff was employed as a truck driver by the defendant in Brooklyn, New York. On September 9, 1962, the plaintiff voluntarily terminated his employment and moved to Vermont to help his father run the family poultry business. Ten months later, in July of 1963, he applied for work and was rehired by the defendant for its St. Johnsbury terminal. He worked there until 1974, when he was transferred to the defendant's Burlington terminal.

On May 16 and 17, 1977, the defendant put the plaintiff's work related activities under surveillance. Two of the defendant's employees followed the plaintiff on his daily delivery schedules. They alleged that they had observed him violating company policy and federal law by: (1) leaving his vehicle unattended while making product deliveries; (2) leaving the motor running on his vehicle while making gasoline deliveries; (3) dumping a substantial amount of regular gasoline in a premium tank; and (4) exceeding the posted speed limit several times. As a result of this, on May 19, 1977, the plaintiff was discharged.

At the time of his discharge, the plaintiff's employment was subject to the "Agreement between Northeast Region of Mobil Oil Corporation and Northern Oil Worker's Union." This agreement provided for a five-step grievance and arbitration procedure, which states, in pertinent part, that:

## ARTICLE XII
## GRIEVANCE AND ARBITRATION

Section 1. A grievance shall be defined as an alleged unjust discharge . . . .

Step 1—The aggrieved employee with his union representative, if he so elects, shall first present his grievance to his immediate supervisor . . . .

Step 2—Failing satisfactory settlement in Step 1, the employee or his union representative may . . . submit the grievance in writing to the Terminal Superintendent . . . .

Step 3—Failing satisfactory settlement in Step 2, the employee or his union representative may submit the written grievance to the Manager of Plant Operations . . . .

Step 4—Failing satisfactory settlement in Step 3, the employee or his union representative may . . . submit the written grievance to a Board of Review . . . .

Step 5—If the Board fails to arrive at a decision acceptable to both the Company and the Union, the Union may . . . invoke arbitration by making demand on the Company with a copy of the American Arbitration Association. . . .

On June 2, 1977, the plaintiff wrote a letter to his immediate supervisor, pursuant to Step 1 of the grievance and arbitration procedure. The supervisor denied the grievance, by letter dated June 6, 1977, and suggested that if the plaintiff wanted to pursue the grievance he should proceed to Step 2. However, the plaintiff never initiated Step 2. Instead, he filed the present action on May 9, 1978, claiming that he was wrongfully discharged in violation of his employment and collective bargaining agreements.

Prior to trial, the defendant moved for summary judgment, claiming that the plaintiff's failure to exhaust the grievance and arbitration procedure precluded him from bringing suit for wrongful discharge. This motion was denied. Thereafter, following the close of the plaintiff's case and also following the close of its own case, the defendant moved for a directed verdict. On both occasions its motions were denied. After deliberation, the jury entered a verdict for the plaintiff. The defendant then moved for a judgment notwithstanding the verdict. This motion was denied, and the court entered a judgment on the verdict. The defendant appeals from this order.

On appeal, the defendant argues, inter alia, that the trial court erred in refusing to direct a verdict or enter a judgment in the defendant's favor on the ground that the plaintiff was barred from bringing suit against the defendant for wrongful discharge because he failed to exhaust the grievance and arbitration procedure under the collective bargaining agreement. We agree and reverse.

The universally accepted rule holds that an employee subject to a collective bargaining agreement, who has a grievance within the scope of that agreement's grievance and arbitration procedure, must exhaust the remedies available under that agreement before he may maintain a suit against his employer. *Clayton* v. *Automobile Workers,* 451 U.S. 679, 681–82 (1981) ; *Morton* v. *Essex Town School District,* 140 Vt. 345, 349, 443 A.2d 447, 449 (1981). In the instant case, the collective bargaining agreement between the defendant and the plaintiff's union, the Northern Oil Workers, contains an elaborate grievance and arbitration procedure which an employee claiming unjust discharge can invoke if he wishes to pursue his grievance. Following his discharge, the plaintiff made no attempt to pursue this procedure to its completion. Having failed to do so, his recovery cannot stand. *Id.*

The plaintiff argues, however, that by using the word "may" in Steps two through five, the grievance and arbitration procedure in his collective bargaining agreement is not mandatory. This argument is specious at best. Unless a collective bargaining agreement specifically provides that the grievance and arbitration procedure is nonexclusive, then such procedure is deemed to be exclusive. As the United States Supreme Court held in *Republic Steel Corp.* v. *Maddox,* 379 U.S. 650 (1965), the use of the word "may" in a collective bargaining agreement does not render the grievance and arbitration procedure nonexclusive:

> Use of the permissive "may" does not of itself reveal a clear understanding between the contracting parties that individual employees, unlike either the union or the employer, are free to avoid the contract procedure and its

time limitations in favor of a judicial suit. Any doubts must be resolved against such an interpretation. *Id.* at 658–59.

The plaintiff further argues that his lawsuit asserts a violation of contractual rights not arising under the collective bargaining agreement's grievance and arbitration procedure and therefore he does not have to exhaust the remedies provided therein. In this regard, he contends that when he was hired by the defendant in 1956 he was told by the superintendent of its Northern Regional Terminal that the employment would be "until you retire, as long as you don't steal any Company products." He submits that this was an oral contract which gave him express rights to employment so long as his work was satisfactory. It is this contract, the plaintiff maintains, that was the basis for his lawsuit.

This contention belies the fact that any such "oral contract" ceased to exist when the plaintiff terminated his employment with the defendant in New York on September 9, 1962. The plaintiff filled out a new "Application for Employment" when he reapplied for work in St. Johnsbury in July of 1963. This application contained a "Memorandum of Agreement," signed by the plaintiff. Thus, the plaintiff's employment in Vermont was entirely separate from any prior employment agreement, and "terms" of his New York employment ended upon his voluntary termination there. As such, the plaintiff was employed solely pursuant to the "Memorandum of Agreement" and the collective bargaining agreement.

The collective bargaining agreement, which prohibited wrongful discharge, was the only source of the plaintiff's lawsuit. Since it clearly provided that claims for unjust discharge were "grievances" under the grievance and arbitration procedure, the plaintiff's failure to exhaust that procedure is fatal to his case. *Clayton* v. *Automobile Workers, supra; Morton* v. *Essex Town School District, supra.*

*Reversed. Judgment for plaintiff vacated. Judgment entered for defendant.*