**K. E. HARDWICK et al.**

**v.**

**The UNITED STATES POSTAL SERVICE, KNOXVILLE, TENNESSEE.**

**Civ. No. 3–74–213.**

United States District Court, E. D. Tennessee, N. D.

Sept. 5, 1974.

---

Charles P. Gault, Gault, Combs & Stegall, Knoxville, Tenn., for plaintiffs.

Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., Thomas H. Pigford, Sr. Asst. Regional Labor Counsel, U. S. Postal Service, Labor Law Div., Memphis, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Before the Court is defendant's motion to dismiss under Rule 12, F.R.C.P.; however, in light of the supporting affidavit of Walker E. Crowe, Director of the Labor Relations Division of the Southern Region of the United States Postal Service, pursuant to Rule 12 the Court will treat the motion as one for summary judgment under Rule 56.. Plaintiffs have not responded to defendant's motion.

Plaintiffs, members of the American Postal Workers Union and employees of the Lee Street Annex of the United States Postal Service, Knoxville, Tennessee, seek to recover time and a half pay for certain pay periods in 1972 pursuant to a collective bargaining agreement in effect between the parties during the period in question.

Under the Postal Reorganization Act, 39 U.S.C. § 101 et seq. disputes between employees and management are settled by invoking an established tiered system, contained in the parties collective bargaining agreement, of negotiation and, ultimately, third party arbitration. Modeled after its private sector counterpart, the agreement in this instance recognizes the American Postal Service Union as the postal employees exclusive bargaining agent in disputes. The grievance procedure itself consists of four steps which begins with the postal employee lodging and discussing his complaint with his immediate supervisor. From an adverse decision, the employee appeals to his installation head before whom he is represented by a union representative. The third step, where the union again represents the employee, is an appeal to the regional level. If the parties are still unable to resolve their differences, an appeal may be taken to the national level. A deadlock at this stage requires the parties to submit to third party arbitration.

Invoking Step 2 of this procedure, plaintiffs filed written grievances on

November 3, 1972, alleging that they had not been paid for overtime work in violation of the collective bargaining agreement. At Step 2 they were represented by a union steward. On November 6, 1972, the Knoxville Tennessee Postmaster denied plaintiffs' claims. Plaintiffs appealed this decision to Step 3, but, upon investigation, the Labor Relations Division of the Southern Region of the United States Postal Workers concluded that no violation of the agreement had occurred, and, therefore, denied the appeal. The denial of this grievance was not appealed by the Union to Step 4.

Step 4 of the grievance procedure provided that "the failure of the aggrieved party or his representative to present the grievance within the prescribed time limits of the steps of this procedure, including arbitration, shall be considered a waiver of the grievance."

In response to inquiry by plaintiffs regarding the disposition of their complaint, Francis S. Filbey, the Union's national president by letter dated September 12, 1973, stated, according to plaintiffs' complaint, that the grievances had been "denied for lack of proper documentation and supporting evidence . . . these cases must be considered closed, no further action is possible."

Although plaintiffs' complaint fails to state any statutory basis for invoking the Court's jurisdiction, because their claim is grounded on the 1972–1973 collective bargaining agreement it must be assumed that plaintiffs seek to invoke the Court's jurisdiction under Section 301(a) of the National Labor Relations Act, 29 U.S.C. § 185 for violation of the collective bargaining agreement between the United States Postal Service and the American Postal Workers Union of which plaintiffs were members.

 In the opinion of the Court defendant's motion is well taken under the authority of Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). There, it was firmly established by the Supreme Court that a prerequisite for maintenance of a private action under Section 301(a) is, at the very least, an allegation by the employee(s) that the union acted arbitrarily, discriminatorily and in bad faith in failing to exhaust the contractual procedures for settling disputes. Plaintiffs' complaint is without this minimal requirement of allegation of bad faith on the union's part. This missing element is not a mere formal or technical requirement of pleading and is fatal to plaintiffs' claim under Section 301(a). Lomax v. Armstrong Cork Co., 433 F.2d 1277 (5th Cir. 1970). Thus, under the *Vaca* decision the employee in successfully maintaining a 301 action must meet a twofold test. First, he must demonstrate that the underlying claims are meritorious and, secondly, he must allege and prove that the union wrongfully breached its duty of fair representation. It appears that plaintiffs' action is lacking in both facets of this test. However, in dismissing plaintiffs' action on summary judgment, the Court does not go beyond the point of noting that plaintiffs have failed to allege wrongful conduct on the part of union.

It appearing that no material issues of fact exist, it is ordered that defendant's motion to dismiss be, and the same hereby is, granted.