## Wayne P. Ploof v. Village of Enosburg Falls

[514 A.2d 1039]

No. 84-322

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed June 27, 1986

*Brown, Cahill & Gawne*, Enosburg Falls, for Plaintiff-Appellant.

*David Barra* of *Paul, Frank & Collins, Inc.*, Burlington, for Defendant-Appellee.

**Gibson, J.** Plaintiff appeals from a superior court judgment in favor of defendant following the court's granting of defendant's motion for summary judgment. We affirm.

Plaintiff, employed as a laborer by defendant Village of Enosburg Falls, was discharged for work-related misconduct after an altercation with his foreman. The altercation occurred while plaintiff was riding as a passenger in a dump truck driven by the foreman.

Plaintiff's union, Local #300 of the International Brotherhood of Electrical Workers, filed a grievance on plaintiff's behalf, protesting the discharge. Under the collective bargaining agreement in effect between defendant and the union, an employee may be discharged only for "good" or "just" cause, defined by the agreement to include misconduct. The agreement provides a three-step grievance procedure substantially as follows: (1) Within thirty days of an occurrence causing a grievance, the grievant or the union may file a written grievance with the supervisor, who shall thereafter hold a meeting with the grievant and the union steward. The supervisor must render his decision in writing within five days of receipt of the grievance, and provide copies of the

decision to the grievant and the union. (2) If the grievance is not resolved at step one, the grievant may, within five days, request a review of the decision. The review shall take place within five days of receipt of the request at a meeting of the union business manager, the grievant, the steward, the supervisor, and the Village trustees. Within five days of the meeting, the supervisor shall render a decision in writing and forward copies to the grievant, the steward, the business manager, and the trustees. (3) If the grievance still remains unresolved, the union may, within five days of receipt of the decision, request binding arbitration. The arbitrator's decision, when rendered, is final and binding on the parties and not subject to appeal.

The bargaining agreement provides further that no grievance will be entertained except in accordance with the terms therein, that failure by the grievant to adhere to the procedures set forth will render the grievance null and void, and that failure by the appropriate administrative body or management representative to render a decision within the specified time period shall be construed as a decision in favor of the grievant, and not subject to appeal.

In this case, following step one, the trustees issued a written decision refusing to reinstate plaintiff. The union requested a step-two review, following which the trustees in writing confirmed their earlier decision. A copy of their decision was given to the union, but not to plaintiff, who was, nevertheless, informed by the union of the decision. Thereafter, the union decided not to request arbitration, and it pursued the matter no further.

Plaintiff contends on appeal that (1) the grievance was resolved in plaintiff's favor at the end of step two because of defendant's failure to follow precisely the grievance procedures, (2) the court erred in denying relief to plaintiff for failure to exhaust his administrative remedies, and (3) defendant is estopped from raising the defense of failure to exhaust administrative remedies.

## I.

Plaintiff argues first that defendant failed to follow the grievance procedure, inasmuch as (1) the decision at step two was rendered by the trustees of the Village rather than by plaintiff's foreman, who, plaintiff contends, was the supervisor required to act

by the bargaining agreement, and (2) the decision at step two was not rendered in timely fashion.

The collective bargaining agreement provides that, after meeting with the appropriate persons at step two, the supervisor shall render a decision in writing within five days. It is clear from the record that the foreman was a member of the same union to which plaintiff belonged. Aside from the anomaly that would result if plaintiff's grievance were to be determined by the very person with whom he had had the altercation, the Vermont Municipal Labor Relations Act (21 V.S.A. §§ 1721-1735) provides that any individual who is employed as a supervisor, as defined by 21 V.S.A. § 1502,* may not be a member of the employees' union. 21 V.S.A. § 1722(12)(B); see also *Firefighters* v. *Brattleboro Fire Department*, 138 Vt. 347, 349, 415 A.2d 243, 244 (1980) (21 V.S.A. § 1722(12)(B) excludes from the bargaining unit any "individuals employed as supervisors"). Further, the record establishes that the trustees were the ones who actually discharged plaintiff from his employment and made the decision at step one of the grievance procedure. Plaintiff's contention that the foreman was the person contemplated as "supervisor" by the collective bargaining agreement is erroneous.

Likewise, plaintiff is in error when he claims that no decision was ever made at step two. The plaintiff may not have received a copy of the trustees' decision, but the record reflects that the trustees denied plaintiff's grievance in writing on the same day the step-two review hearing was held, and that a copy of the decision was timely given to the union.

## II.

Plaintiff's second contention is that the court erred in ruling that plaintiff's failure to exhaust his administrative remedies was fatal to his cause of action. We disagree, but for reasons different from those stated in the decision below.

---

* 21 V.S.A. § 1502(13) defines "supervisor" as follows:

> an individual having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward or discipline other employees or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature but requires the use of independent judgment.

■ Where a collective bargaining agreement establishes grievance and arbitration procedures for the redress of employee grievances, the law is settled that an employee must at least attempt to exhaust these procedures before resorting to judicial remedies. *Clayton* v. *Automobile Workers*, 451 U.S. 679, 681 (1981); *Vaca* v. *Sipes*, 386 U.S. 171, 184 (1967); *Republic Steel Corp.* v. *Maddox*, 379 U.S. 650, 652 (1965); *Burkhart* v. *Mobil Oil Corp.*, 143 Vt. 123, 126, 463 A.2d 226, 228 (1983); *Morton* v. *Essex Town School District*, 140 Vt. 345, 349, 443 A.2d 447, 449 (1982). This requirement does not apply, however, if the parties do not intend the grievance and arbitration procedures to be the exclusive remedy, or if the employer repudiates the contractual procedures, or if the employee has been prevented from exhausting his contractual remedy by the union's wrongful refusal to process the grievance. *Vaca, supra*, 386 U.S. at 184 n.9, 185.

■ In this case, two of the exceptions are beyond plaintiff's grasp: the parties unambiguously expressed their intention to make the grievance and arbitration procedures of the collective bargaining agreement the exclusive remedy for handling employee grievances, and there was no evidence of any repudiation of those procedures on the part of the employer. The trial court ruled, however, that plaintiff had an independent statutory right under 21 V.S.A. § 1734(c) to seek arbitration, absent such action by the union, and that because plaintiff had failed to exhaust this remedy, his cause of action was barred under the exhaustion-of-administrative-remedies doctrine set forth in *Morton, supra*. We do not agree that plaintiff had an independent statutory right to seek arbitration.

21 V.S.A. § 1734(c) provides:

> Any individual employee or group of employees shall have the right at any time to present grievances to their employer and to have such grievances adjusted, without the intervention of the exclusive bargaining agent, as long as the adjustment is not inconsistent with the terms of a collective bargaining agreement . . . .

For plaintiff to seek arbitration independently from the union would clearly be an attempt to pursue a remedy "inconsistent with the terms of [the] collective bargaining agreement." Section 1734(c) confers no independent right on an employee to seek arbitration where the collective bargaining agreement provides that

the union shall have sole discretion to take this step. See *Vaca, supra*, 386 U.S. at 190-92.

With respect to the third exception, a wrongfully discharged employee may maintain an action against his employer "in the face of a defense based upon the failure to exhaust contractual remedies, provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance." *Vaca, supra*, 386 U.S. at 186; *Rhoades* v. *Book Press*, 458 F. Supp. 674, 678 (D. Vt. 1978). A breach of the duty of fair representation occurs "when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca, supra*, 386 U.S. at 190.

A prerequisite to maintaining a lawsuit against defendant herein is an allegation that the union acted arbitrarily, discriminatorily, or in bad faith in failing to exhaust the contractual procedures for settling disputes. *Lomax* v. *Armstrong Cork Co.*, 433 F.2d 1277, 1280 (5th Cir. 1970); *Hardwick* v. *United States Postal Service*, 391 F. Supp. 20, 22 (E.D. Tenn. 1974). Plaintiff's complaint contains no such allegation, and this omission is fatal to his claim. *Proctor Trust Co.* v. *Upper Valley Press, Inc.*, 137 Vt. 346, 353, 405 A.2d 1221, 1225-26 (1979); V.R.C.P. 8(a).

The closest plaintiff comes to alleging wrongful conduct on the part of the union is his statement in the affidavit supporting his own motion for summary judgment that "[t]he Union did not request binding arbitration for me." A union does not owe a duty to arbitrate each and every grievance, however; its duty of fair representation does not require it to process a frivolous appeal nor does it prevent a union from settling a grievance prior to arbitration on terms not satisfactory to the employee. *Boone* v. *Armstrong Cork Co.*, 384 F.2d 285, 288 (5th Cir. 1967); *Encina* v. *Tony Lama Co.*, 316 F. Supp. 239, 245 (W.D. Tex. 1970), *aff'd sub nom. Encina* v. *Tony Lama Boot Co.*, 448 F.2d 1264 (5th Cir. 1971). Of course, a union " 'may not arbitrarily ignore a meritorious grievance or process it in perfunctory fashion.' " *Boone, supra*, 384 F.2d at 288-89 (quoting *Vaca, supra*, 386 U.S. at 191).

Having failed to allege any wrongful conduct on the part of the union, either by way of pleadings or affidavit, plaintiff presents no claim upon which relief can be granted, and the court was therefore justified in granting defendant's motion for summary judg-

ment. *Margison* v. *Spriggs*, 146 Vt. 116, 119, 499 A.2d 756, 758 (1985).

## III.

Finally, plaintiff argues that defendant is estopped from asserting the defense of failure to exhaust administrative remedies because it failed to notify plaintiff in writing of its decision following the review procedure of step two. Plaintiff concedes that he was informed by the union representative that defendant had affirmed its earlier decision, but he contends he was not told that the decision had been made by someone other than the foreman, who he maintains was his supervisor for purposes of administration of the grievance procedures. Plaintiff claims prejudice from the fact that he was not informed of these procedural defects on defendant's part until it was too late for him to seek arbitration.

In order to estop defendant, plaintiff must show that he relied on defendant's misstatements or conduct to his prejudice. *McClure Newspapers, Inc.* v. *Brown*, 146 Vt. 180, 182, 499 A.2d 765, 767 (1985); *Bradley* v. *Marshall*, 129 Vt. 635, 639, 285 A.2d 745, 748 (1971). We have already dealt with plaintiff's contention concerning the identity of his supervisor in part I, and his claim in that regard must fail. Further, he has not shown how the failure of defendant to furnish him with a written copy of its decision redounded to his prejudice. Cf. *Rutz* v. *Essex Junction Prudential Committee*, 142 Vt. 400, 411-13, 457 A.2d 1368, 1373-75 (1983) (substantial compliance with school regulations, coupled with lack of prejudice by failure to strictly comply, satisfies notice requirement). Under the bargaining agreement, the determination about whether to seek arbitration belonged to the union alone; it received defendant's written decision in time to make an informed decision about whether to proceed to arbitration. Likewise, plaintiff was not impeded in bringing his lawsuit by any failure to receive a copy of the written decision.

Since plaintiff can show no prejudice resulting to him from defendant's actions, defendant is not estopped from raising the defense of exhaustion of administrative remedies.

*Affirmed.*