[No. 16627–1–I.   Division One.   May 4, 1987.]

EDWARD T. LEW, *Appellant,* v. SEATTLE SCHOOL
DISTRICT No. 1, *Respondent.*

*John Chen Beckwith* and *Beckwith & Collins,* for appellant.

*Philip A. Thompson,* for respondent.

REVELLE, J.*—On January 5, 1982, a formal complaint
against appellant Edward Lew, a high school counselor, was

---

*This appeal was heard by a Supreme Court Justice, a Superior Court Judge, and a retired Superior Court Judge sitting as Court of Appeals Judges Pro Tempore in Division One.

filed by a student's parents with respondent Seattle School District. Based on its own investigation, respondent found that appellant's conduct warranted a written admonition and a transfer to a different position.

On April 20, 1982, appellant initiated the formal grievance procedure outlined in his collective bargaining agreement. That procedure may be summarized as follows:

Step 1: The aggrieved employee initiates the formal grievance procedure by presenting a Grievance Review Request Form to his/her immediate supervisor requesting a formal conference;

Step 2: The aggrieved employee may request additional review, conference and action by submitting a completed Grievance Review Request Form to the Staff Relations and Policy Development office of the Seattle School District;

Step 3: If the grievance is not resolved, the aggrieved employee may request *further* review, conference and action by the Superintendent or his/her designated representative;

Step 4: If the grievance has not been adjusted satisfactorily, the Seattle Teachers Association (STA) may, on behalf of the aggrieved employee, submit the grievance to binding arbitration. The STA has 60 days after receipt of the step 3 decision to request the binding arbitration.[1]

Appellant timely triggered the first three steps of the procedure, and on July 21, 1982, the district deputy superintendent rendered a decision ending the third step of the procedure.

Following receipt of the deputy superintendent's decision, appellant asked the Seattle Teachers Association to submit his grievance for arbitration pursuant to the fourth step in the grievance procedure. Respondent waived the 60–day requirement of step 4. By letter dated September 28, 1982, and received September 30, 1982, the STA notified appellant that it felt nothing could be gained by submitting

---

[1]Both parties agree in their briefs here that step 4 can only be triggered by the STA.

the matter to arbitration.

On October 29, 1982, appellant brought suit against respondent for breach of contract. The complaint did not name the STA as a defendant, and did not allege that the STA had wrongfully refused to press the matter on to arbitration.

Respondent subsequently moved for summary judgment, arguing that appellant's action could not be maintained in the absence of a claim that the STA breached its duty of fair representation, and that appellant's action was also barred because he failed to file his superior court action within the 30–day limit contained in RCW 28A.88.010. The trial court granted the motion, and held that appellant had not timely filed his action under RCW 28A.88.010. This appeal followed.

Appellant contends the trial court erred in granting summary judgment on the basis of RCW 28A.88.010. On the other hand, respondent argues that even if the trial court erred in granting summary judgment on the basis of RCW 28A.88.010, the judgment can be upheld on the basis of appellant's failure to allege in his complaint that the STA breached its duty of fair representation.[2]

In general, where a collective bargaining agreement establishes grievance and arbitration procedures for the redress of employee grievances, an employee must exhaust those procedures before resorting to judicial remedies. *Moran v. Stowell,* 45 Wn. App. 70, 724 P.2d 396 (1986); *Smith v. General Elec. Co.,* 63 Wn.2d 624, 625–27, 388 P.2d 550 (1964); *Tombs v. Northwest Airlines, Inc.,* 83 Wn.2d 157, 162, 516 P.2d 1028 (1973); *Garton v. Northern Pac. Ry.,* 11 Wn. App. 486, 523 P.2d 964 (1974); *Clayton v. International Union, United Auto., Aerospace, & Agricultural Implement Workers,* 451 U.S. 679, 681, 68 L. Ed. 2d 538, 101 S. Ct. 2088, 2091 (1981); *Vaca v. Sipes,* 386 U.S. 171, 184, 17 L. Ed. 2d 842, 87 S. Ct. 903, 913–14 (1967);

---

[2]The duty of fair representation was recognized in *Allen v. Seattle Police Officers' Guild,* 100 Wn.2d 361, 670 P.2d 246 (1983).

*Burkhart v. Mobil Oil Corp.,* 143 Vt. 123, 126, 463 A.2d 226, 228 (1983). However, federal and state courts have held that an employee's failure to exhaust contractual grievance procedures does not bar an action by the employee for breach of contract if the employee has been prevented from exhausting his or her contractual remedy by his or her union's wrongful refusal to process the grievance. *Vaca,* 386 U.S. at 184 n.9, 185. In this regard, the courts have generally held that where a grievance procedure has not been exhausted due to the union's refusal to press the matter on to arbitration, "[a] prerequisite to maintaining a lawsuit against [the employer] is an allegation that the union acted arbitrarily, discriminatorily, or in bad faith in failing to exhaust the contractual procedures for settling disputes." *Ploof v. Enosburg Falls,* 147 Vt. 196, 201, 514 A.2d 1039, 1043 (1986); *Lomax v. Armstrong Cork Co.,* 433 F.2d 1277, 1280 (5th Cir. 1970); *Hardwick v. United States Postal Serv.,* 391 F. Supp. 20, 22 (E.D. Tenn. 1974). In part, this requirement arises out of the fact that the union is the agent of the aggrieved employee, and in the absence of evidence showing bad faith, discrimination, or arbitrary conduct on the part of the union, its decision to forgo exhaustion of grievance procedures binds the employee and forecloses judicial action on the contract.

We find the reasoning of the above cited authorities persuasive, particularly in light of the strong public policy favoring resolution of disputes by extrajudicial means. *See King Cy. v. Boeing Co.,* 18 Wn. App. 595, 570 P.2d 713 (1977). Therefore, since respondent clearly raised the defense of exhaustion below,[3] and since appellant nowhere argued or alleged either that the STA had breached any duty or that appellant qualified under an exception to the exhaustion requirement, we hold that appellant's action is

---

[3]Respondent specifically argued that appellant "failed to claim that the STA breached its duty of fair representation, which . . . is a condition precedent to maintaining an action against an employer to enforce rights under a collective bargaining agreement."

barred due to his failure to exhaust available grievance procedures.

Though the trial court granted summary judgment on different grounds, this court may uphold the judgment on another theory if such theory was argued and briefed by the parties below. *Bernal v. American Honda Motor Co.,* 87 Wn.2d 406, 414, 553 P.2d 107 (1976). The record shows that the argument was briefed and argued at the trial level.

Affirmed.

CALLOW and CONE, JJ. Pro Tem., concur.