# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

CYNTHIA ROWLAND,

        Appellant,

    v.

JOSE BANDA, Superintendent,
and SEATTLE PUBLIC SCHOOLS

        Respondents.

No. 74219-1-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: April 23, 2018

2018 APR 23 AM 9:07
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
FILED

LEACH, J. — Cynthia Rowland appeals a summary judgment dismissing her suit against Seattle Public Schools ("District") and superintendent Jose Banda for wrongfully terminating her employment. Because Rowland's brief on appeal violates our Rules of Appellate Procedure and because the superior court properly dismissed her claims in any event, we affirm.

## FACTS

Between September 2009 and May 2011, Rowland worked as a special education instructional assistant at West Seattle High School.

In March 2011, the District sent Rowland two letters of reprimand for alleged unprofessional interactions with students. She also received a letter about an

investigation into her alleged inappropriate supervision of students. One incident involved the alleged physical abuse of a student by dragging her across the floor.

During the District's investigation, Rowland filed an administrative complaint, alleging psychological harassment and retaliation by the teacher in her classroom. The District began an investigation into Rowland's complaint and placed her on administrative leave.

A year later, the District notified Rowland that its investigation failed to corroborate her harassment allegation. The other investigation, however, had corroborated the allegation that she dragged her student across the floor. The District notified Rowland that it intended to fire her.

On June 1, 2012, the District fired Rowland. She then filed a grievance with her union, the Seattle Education Association (SEA).

In March 2013, SEA denied Rowland's request that the union take her grievance to arbitration. She unsuccessfully appealed that decision.

Two years later, Rowland filed this lawsuit against the District for "damages for wrongful termination," "violations of [her] Collective Bargaining Agreement," and discrimination. The complaint included claims that the District disciplined her "without just and sufficient cause," and discharged her in "bad faith" and through "arbitrary and capricious actions." The complaint alleged various violations of the collective bargaining agreement (CBA). These included alleged violations of investigation and hearing

procedures, requirements for risk assessment and safety, and prohibitions against sex discrimination.

The District moved to dismiss Rowland's claims on summary judgment. It argued that her CBA-based claims should be dismissed because she did not exhaust administrative remedies. Noting that Rowland's union had elected not to take her grievance to arbitration, the District argued,

> A court should provide substantial deference to a union's decision to terminate a grievance for lack of merit. Lindsey v. Metropolitan Seattle, 49 Wn. App. 145, 741 P.2d 575, 579-80 (1987), *rev. denied,* 109 Wn.2d 1016 (1987) (sometimes the interests of an individual must be subordinated to those of the entire membership, and a union's decision in this regard will be accorded substantial deference). **"In part, this requirement arises out of the fact that the union is the agent of the aggrieved employee, and in the absence of evidence showing bad faith, discrimination, or arbitrary conduct on the part of the union, its decision to forgo exhaustion of grievance procedures binds the employee and forecloses judicial action on the contract."** [Lew v. Seattle Sch. Dist. No. 1, 47 Wn. App. 575, 578, 736 P.2d 690 (1987).]

The District argued that because Rowland did not sue the union or allege that it exercised bad faith, discrimination, or arbitrary conduct in deciding not to arbitrate her grievance, she was bound by the union's decision and "barred from now bringing a breach of contract claim in this lawsuit."

The District asked the court to dismiss "any implied claim of gender discrimination" because Rowland testified "unequivocally in her deposition that she does NOT wish to bring a claim of pregnancy discrimination or gender discrimination. . . . Rather, she clarified that her lawsuit is for wrongful termination."

The District also moved to dismiss Rowland's tort claim for discrimination because she did not file a notice of claim under RCW 4.96.010 (requiring notice of tort claims against local government entities).

Rowland responded that the District's motion for summary judgment was untimely, she had exhausted her remedies, her deposition statements did not override or amend the claims in her complaint, and she was not required to file a notice of claim because she had no tort-related monetary or physical damages when she filed her complaint and first suffered those damages over six months after she filed this lawsuit.

In reply, the District asked the court to strike most of Rowland's exhibits because they were "not properly attached to an affidavit by any witness with personal knowledge" and were "not authenticated and . . . made up of inadmissible hearsay."[1] The District also asked the court to strike the statement of facts in Rowland's response, arguing that it was "not properly supported by citations to admissible evidence, affidavits, or deposition testimony by witnesses."

The court granted the District's requests to strike and for summary judgment. The court expressly incorporated its oral ruling by reference. That ruling states in part,

> [T]he first issue [is whether] plaintiff's claims for breach of the [CBA] are barred due to failure to exhaust administrative remedies.
>
> I agree with the defendant . . . on the law. I think it is explicitly clear that the union is the agent for the represented party in the dealings with the District on claims.

---

[1] Exhibits 1, 3, 6, 7, 8, 9, 10, 11, and 14.

No. 74219-1-I/5

> For example, L[ew] v. Seattle School District, which I believe continues to be good law in Washington, is very clear that the parties[ ] bring at least a claim that the union has breached its duty to the individual in some fashion, the union's decision not to pursue an administrative remedy fails to exhaust that requirement.
>
> . . . .
>
> [Counsel for Rowland], you did argue your reasoning as to why the union was wrong here. . . . That would have given, arguably, the plaintiff a ground to pursue a claim against the union that she failed to pursue.
>
> I do find, under established Washington law, the plaintiff is prohibited at this point from bringing her claims in Superior Court for breach of the collective bargaining agreement because she failed to exhaust administrative remedies.
>
> The second claim is having to do with the prerequisite before bringing a legal action against a local government entity. There is agreement between the parties that a School District does qualify as a local government entity. It does so qualify under RCW 4.96.020 as a condition precedent for bringing a tort claim against the entity.
>
> Here again, I agree with the defendant. . . . There is no showing that a claim was brought. . . .
>
> I would venture, and this is pure speculation on my part, that most of these claims brought as predicates to judicial action against a governmental entity, prove quote unquote, "futile." There is no relief that comes from those claims. That doesn't eliminate or change in any way the statutory requirement that the governmental entity be given the opportunity to respond to the allegations before cause of action is filed in the court.
>
> I think here, also, the defendant's summary judgment motion will be granted, which should deal with the possibility of a gender discrimination claim that is a tort action. However, I'll speak additionally to the gender discrimination claim.
>
> Here is where the defendant's motion to strike comes in. [Counsel] is correct, . . . on behalf of the defendants, that the plaintiff's responses to summary judgment were not submitted in the proper format that carry with them the indicia of reliability that are required on summary judgment and as rules of evidence in trial.

-5-

> There would be certification or sworn statements that identify the basis for the information that is brought in and give it a qualification of reliability.
>
> . . . . I believe, that the plaintiff did, on the basis of admissible evidence on summary judgment, unequivocally testify at her deposition that she was not bringing a claim for [gender discrimination].
>
> I'm afraid, Ms. Lucas, I simply don't agree with your argument that the plaintiff, Ms. Rowland, is not an attorney and shouldn't be held to knowing what her claims are. To the contrary, the law is that the attorneys are agents of the plaintiff and it is the plaintiff's legal action.
>
> She described that she really didn't believe, in the face of questioning, that she had a gender discrimination claim. Based on that evidence, where there is no—nothing but conclusory sort of statements made in opposition to that evidence. I also would grant summary judgment on the defendant's motion to dismiss the gender discrimination claim.

(Emphasis added.)

Rowland appeals.

## ANALYSIS

### Violations of Rules of Appellate Procedure

Rowland's brief on appeal contains numerous violations of our Rules of Appellate Procedure. Virtually all of the brief's citations to the record are either inaccurate or unhelpful because the citation is to the first page, not the relevant page, of a document. And, as noted in our discussion below, Rowland does not support many of her assertions with relevant legal authority. These omissions violate RAP 10.3(a)(5), RAP 10.4(f), and RAP 10.3(a)(6) and hamper review.[2] Taken together, Rowland's rule

---

[2] RAP 10.3(a)(5) (requiring references to the record for factual statements in statement of the case); RAP 10.4(f) (requiring references to both "the page and part of

violations are sufficient to preclude review.[3] In any case, we have reviewed the issues raised on appeal and conclude they lack merit.

### Standard of Review

This court reviews summary judgment orders de novo and performs the same inquiry as the trial court.[4] Summary judgment is appropriate when the evidence, viewed in a light most favorable to the nonmoving party, shows no genuine issue of material fact remains and the moving party is entitled to judgment as a matter of law.[5]

Because Rowland does not challenge the trial court's ruling striking most of her exhibits below, they are not properly before us and we do not consider them.

### Extension of Deadline for Dispositive Motions

Rowland first contends the superior court abused its discretion when it granted the District's motion to extend the summary judgment hearing date from October 19, 2015, to October 23, 2015. She claims the court erred in failing to "require that the defendants prove excusable neglect" and in failing to include "any citation of excusable neglect in its ruling." This claim is meritless.

---

the record"); RAP 10.3(a)(6) (requiring argument "together with citations to legal authority and references to relevant parts of the record.").

[3] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 819, 828 P.2d 549 (1992) (refusing to consider claims unsupported by references to the record or citation to authority); accord State v. Reeder, 181 Wn. App. 897, 910 n.15, 330 P.3d 786 (2014).

[4] Life Designs Ranch, Inc. v. Sommer, 191 Wn. App. 320, 327, 364 P.3d 129 (2015).

[5] Life Designs, 191 Wn. App. at 327; CR 56(c).

CR 6(b) provides superior courts with discretion to enlarge the time periods required for certain acts:

> **(b) Enlargement.** When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court <u>for cause shown</u> may at any time in its discretion, (1) . . . order the period enlarged if <u>request therefor is made before the expiration of the period originally</u> prescribed . . . or, (2) <u>upon motion made after the expiration of the specified period</u>, permit the act to be done where the failure to act was the result of <u>excusable neglect</u>.

(Emphasis added.) We review a trial court's decision to enlarge time under CR 6(b) for an abuse of discretion.[6]

Here the case schedule set October 19, 2015, as the deadline for <u>hearing</u> dispositive motions. When the District filed its summary judgment motion, it noted the motion hearing for October 23, 2015, not October 19. On October 8, 2015, 11 days <u>before</u> the October 19 deadline for hearing dispositive motions, the District moved under CR 6(b) to extend that deadline by 4 days to October 23, 2015. The District noted, and Rowland did not dispute, that the original October 19 deadline fell on a Monday, that "the Court generally only considers motions on judicial days, which are every Friday," and that "[u]nder LCR 7(b)(4)(a)[7], motions without oral argument that are scheduled for a nonjudicial day will be considered on the next judicial day." The District asked the

_____

[6] <u>Clipse v. Commercial Driver Servs., Inc.</u>, 189 Wn. App. 776, 786, 358 P.3d 464 (2015)

[7] KING COUNTY SUPER. CT. LOCAL CIV. R. 7(b)(4)(A). ("A motion must be scheduled by a party for hearing on a judicial day. . . .[I]f the motion is set . . . on a nonjudicial day . . . without oral argument, the assigned judge will consider the motion on the next judicial day.").

court to extend the deadline for hearing dispositive motions to October 23, 2015—the first Friday after the October 19 deadline.

Rowland opposed the motion, arguing that the District "missed the deadline for filing dispositive motions." (Emphasis added.) Rowland asserted that because the deadline for hearing dispositive motions was October 19, 2015, "the deadline for filing a summary judgment hearing on a Friday expired on September 18, 2015." (Emphasis added.) Although her argument was not entirely clear, she appeared to contend that absent a showing of "excusable neglect" under CR 6(b)(2), the District's motion for summary judgment was untimely, the motion to enlarge the time for the hearing on the motion should be denied, and the motion for summary judgment should be stricken. The District responded that CR 6(b)(1) controlled because it moved to extend the hearing deadline before it expired; therefore, the District needed to show only "cause" for an extension under CR 6(b)(1).

The court granted the District's motion, extending the deadline for hearing dispositive motions to October 23, 2015.[8]

On appeal, Rowland, for the first time, incorporates CR 56(c) into her argument. She contends that because the deadline for hearing dispositive motions was October 19, 2015, and because CR 56(c) requires that summary judgment motions be filed at

---

[8] The court adhered to this ruling at the summary judgment hearing, stating in part, "It's always the Court's preference to deal with issues on the merits rather than on the basis of technicalities. We have broad discretion in setting our schedule. I'm going to deny any objection to that and just move into the merits of the summary judgment motion."

least 28 days before the hearing, the "deadline for filing a summary judgment hearing expired on Friday, September 18, 2015." Thus, because the District did not file its summary judgment motion until September 22, 2015, Rowland concludes the District had to demonstrate excusable neglect under CR 6(b)(2) to extend the time for hearing the motion. Accordingly, she maintains the court abused its discretion in granting the motion to enlarge the time for the hearing. We disagree for several reasons.

First, Rowland's argument to the trial court was wholly inadequate and properly rejected by it. As noted above, she argued that "[t]he expiration for hearing dispositive motions was October 19, 2015. . . . Therefore, the deadline for filing a summary judgment hearing on a Friday expired on September 18, 2015." (Emphasis added.) Nothing in Rowland's response supported the emphasized portion of this conclusory argument. She offered no supporting authority or meaningful analysis. In addition, she nowhere addressed the District's argument that under King County Super. Ct. Local Civ. R. 7(b)(4)(A), the motion hearing had to be set on a judicial day.

Second, Rowland's claim about the timeliness of the District's summary judgment motion did not alter the fact that the District moved to extend the deadline for a hearing on the motion before the hearing deadline passed. So, under the plain language of CR 6(b)(1), the District needed only to show "cause," not "excusable neglect," to obtain an extension. The District made that showing. Rowland has never disputed the District's assertion that the case schedule inadvertently set the hearing deadline for a nonjudicial day and that, under the local rules, the deadline needed to be rescheduled for a judicial

day, i.e., a Friday. The court thus had cause to extend the hearing deadline and did not abuse its discretion in granting the motion to enlarge time.[9]

Third, even if the court had abused its discretion, Rowland would not be entitled to relief because she cannot demonstrate prejudice, i.e., a lack of notice, time to prepare, or opportunity to provide countervailing argument.[10]

## CBA Claims / Exhaustion of Remedies

Rowland next contends the superior court erred in dismissing her CBA claims because she did not exhaust administrative remedies. We disagree.

"In general, where a collective bargaining agreement establishes grievance and arbitration procedures for the redress of employee grievances, an employee must exhaust those procedures before resorting to judicial remedies."[11] If a grievance procedure has not been exhausted "due to the union's refusal to press the matter on to arbitration, '[a] prerequisite to maintaining a lawsuit against [the employer] is an allegation that the union acted arbitrarily, discriminatorily, or in bad faith in failing to exhaust the contractual procedures for settling disputes.'"[12] This prerequisite exists

---

[9] Indeed, "[i]f a motion [for summary judgment] is served and filed too late (i.e., less than 28 days before the date set for hearing), any error can normally be cured by rescheduling the hearing." 4 KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE CR 56 at 402 (6th ed. 2013).

[10] See O'Neill v. City of Shoreline, 183 Wn. App. 15, 22, 332 P.3d 1099 (2014); State ex rel. Citizens Against Tolls (CAT) v. Murphy, 151 Wn.2d 226, 236-37, 88 P.3d 375 (2004).

[11] Lew v. Seattle Sch. Dist. No. 1, 47 Wn. App. 575, 577, 736 P.2d 690 (1987).

[12] Lew, 47 Wn. App. at 578 (quoting Ploof v. Vill. of Enosburg Falls, 147 Vt. 196, 514 A.2d 1039, 1043 (1986)).

because the union is the agent of the employee, and "in the absence of evidence showing bad faith, discrimination, or arbitrary conduct on the part of the union, its decision to forgo exhaustion of grievance procedures binds the employee and forecloses judicial action on the contract."[13]

Relying on Lew, the superior court dismissed Rowland's CBA claims because she did not exhaust administrative remedies. The court ruled that because Rowland's union did not take her case to arbitration, Lew required her to "assert an action against the union" or "claim that the union has breached its duty" to her in order to exhaust her administrative remedies.[14] Rowland's complaint, however, did not assert any claim against her union and expressly stated that "she does not claim that the union breached its duty of fair representation."

On appeal, Rowland does not challenge the trial court's interpretation and application of Lew. Instead, she makes conclusory statements about the adverse effects of Lew's holding. But she cites no supporting authority[15] and does not expressly ask this court to revisit or depart from Lew. Our courts have followed the pertinent holding in Lew for over 30 years.[16] Rowland's conclusory arguments are insufficient to

---

[13] Lew, 47 Wn. App. at 578.

[14] Rowland did not name the union as a defendant in her complaint. The complaint also expressly states that "she does not claim that the union breached its duty of fair representation."

[15] For example, Rowland claims, without citing authority, that Lew's holding "eliminates most legal claims for innocent wronged employees."

[16] Ota v. Pierce County, No. 47812-9-II, slip op. at 5-6 (Wash. Ct. App. (Dec. 13, 2016 (unpublished), http://www.courts.wa.gov/opinion/pdf/478129.pdf, review denied,

persuade us to depart from that holding. The trial court did not err in dismissing Rowland's claims arising from the CBA because she did not exhaust her administrative remedies.

## Tort Claim

The superior court dismissed Rowland's tort claim for gender discrimination because she did not file a notice of claim with the School District as required by RCW 4.96. This notice is a "condition precedent to the commencement of any action claiming damages" against a government entity.[17]

In her brief, Rowland devotes five sentences to the dismissal of her discrimination claim. She admits she did not file a notice of claim with the District. She argues, however, that she did not have to give notice because she "had no actual damages until the statute of limitations period had lapsed." The fact that Rowland filed her complaint against the District for, among other things, tortious conduct and damages within the statute of limitations undermines this argument. Rowland cites no authority excusing the filing of a notice of claim where the plaintiff claimed a lack of damages yet filed a complaint for these damages against a government entity within the statute of limitations.

---

188 Wn.2d 1003 (2017); Wilson v. City of Monroe, 88 Wn. App. 113, 119, 943 P.2d 1134 (1997); Minter v. Pierce Transit, 68 Wn. App. 528, 532, 843 P.2d 1128 (1993).
    [17] RCW 4.96.010(1).

In any case, Rowland does not challenge the superior court's alternative bases for dismissing the discrimination claim, including her admission in her deposition that she had no claim for gender discrimination.

Affirmed.

_____

_____ Leach, J.

Spearman, J.