NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRETT HAMILTON, a single individual, | No. 16-35831 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05587-BHS |
| v. | |
| KITSAP COUNTY, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted May 7, 2018[**]
Seattle, Washington

Before: GOULD and IKUTA, Circuit Judges, and FREUDENTHAL,[***] Chief District Judge.

In 2012, Brett Hamilton was a corrections officer for the Kitsap County Jail.

Without authorization from his supervisors, he began anonymously texting an

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Nancy Freudenthal, Chief United States District Judge for the District of Wyoming, sitting by designation.

inmate's wife, Ashley Caseria ("Ashley"), allegedly in an effort to get information from her about her husband's practice of gaming the prison calling system to call her for free and about an alleged attempt by her husband to get grievance leave when it wasn't justified. Hamilton first attempted to impersonate Ashley's incarcerated husband and later to impersonate her recently deceased mother via text message.

His supervisors learned of his activities and reported Hamilton to the Port Orchard Police Department. Hamilton lied to the police officer tasked with investigating the complaint, denying texting Ashley.[1] Hamilton was later charged with telephone harassment and with lying to a public servant. He entered a pretrial diversion agreement.

The Kitsap County Sheriff's Office ("KCSO") also conducted its own administrative investigation into Hamilton's behavior. Hamilton was represented by the Kitsap County Corrections Guild ("the Guild") during this investigation, and was ultimately terminated after investigation. The Guild filed two grievances on Hamilton's behalf. Both grievances were denied. After the denials, the Guild declined to take the matter to arbitration, citing the weakness of Hamilton's case.

---

[1] Hamilton argues that he did not know that the person he was speaking to was a police officer, but there is no dispute that he did in fact lie to a police officer.

Hamilton then sued Kitsap County ("the County"), alleging violations of his Fourteenth Amendment right to pursue his occupation and breach of contract based on the County's alleged violation of a Collective Bargaining Agreement ("CBA") between the County and the Guild. The district court granted summary judgment to the County. Hamilton appeals. We affirm.

The governing legal rule is clear: "We have held that a plaintiff can make out a substantive due process claim if she is unable to pursue an occupation and this inability is caused by government actions that were arbitrary and lacking a rational basis." *Engquist v. Oregon Dep't of Agric.*, 478 F.3d 985, 997 (9th Cir. 2007). The decision to terminate Hamilton was not arbitrary and instead was wholly reasonable given his conduct. Further, it was reasonable for KCSO to inform the Bremerton Police Department, with which Hamilton served as a reserve officer, about Hamilton's conduct due to KCSO's public safety concerns about Hamilton persisting in that position. *See Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996). That Hamilton has faced subsequent issues in securing employment because he must explain his previous terminations does not violate Hamilton's substantive due process rights. Thus we affirm the district court's grant of

summary judgment for the County on Hamilton's Fourteenth Amendment claim. *See id.*[2]

Hamilton's breach of contract claim is barred because he did not exhaust his administrative remedies, and Hamilton cannot show that in choosing not to pursue his grievance to arbitration his Guild "acted arbitrarily, discriminatorily, or in bad faith." *See Lew v. Seattle Sch. Dist. No. 1*, 736 P.2d 690, 692 (Wash. App. 1987) (internal citation omitted). And we see no other reason to excuse the exhaustion requirement here. *See Clayton v. Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am.*, 451 U.S. 679, 689 (1981). We thus affirm the district court's grant of summary judgment to the County on Hamilton's breach of contract claim.

The County's request for sanctions against Hamilton for filing this appeal is denied.

**AFFIRMED.**

---

[2] Hamilton also argues that the County violated his constitutional rights because it did not force the Port Orchard Police Department to conduct its criminal investigation into Hamilton's conduct in accord with the protections the CBA promises in administrative investigations. We reject this argument as meritless.